```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION

GREAT AMERICAN ASSURANCE
COMPANY, a foreign corporation,

        Plaintiff,

v.                              CASE NO:  8:10-cv-2568-T-33AEP

SANCHUK, LLC, a Florida
corporation, and CHUCK ELLIOTT,
a Florida citizens,

        Defendants.
_____/


SANCHUK, LLC, a Florida
corporation, and CHUCK ELLIOTT,
a Florida citizens,

        Counter-Claimants,

v.

GREAT AMERICAN ASSURANCE
COMPANY, a foreign corporation,
and WELLINGTON F. ROEMER
INSURANCE AGENCY, INC., a
foreign corporation,

        Counter-Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to Plaintiff Great American's Motion for Reconsideration (Doc. # 51). Counter-defendant Wellington F. Roemer Insurance Agency, Inc. filed a Response in Opposition thereto (Doc. # 53).

This Court previously entered an Order (Doc. # 50) granting Roemer's Motion for a Ninety Day Enlargement of Case Management Deadlines. Great American now moves for reconsideration of the Court's Order, arguing that Roemer failed to show good cause and excusable neglect before seeking to extend the expired expert witness disclosure deadline.[1] Doc. # 51 at 2. Roemer argues that it set forth in its motion that it was requesting the extension because it was joined late in this action, was not a party to the case management conference, has not had a meaningful opportunity to conduct substantive discovery, and a key witness to Roemer's defense is currently unable to provide deposition testimony due to medical reasons. Doc. # 53 at 4. The reasons set forth by Roemer are sufficient for extending the expert disclosure deadline even when requested after the expiration of the deadline. The Court further finds that Great American has not established a basis for reconsideration of the Court's

---

[1] The expert witness disclosure deadline was set in the Court's Case Management and Scheduling Order (Doc. # 39) for November 5, 2011, and the motion for a ninety day enlargement of case management deadlines was filed on November 23, 2011 (Doc. # 49) after the expert witness disclosure deadline had passed.

2

previous Order.[2]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Great American's Motion for Reconsideration (Doc. # 51) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>21st</u> day of December, 2011.

                        VIRGINIA M. HERNANDEZ COVINGTON
                        UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

---

[2]This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).