UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREAT AMERICAN ASSURANCE
COMPANY, a foreign corporation,

    Plaintiff,

v.                        Case No. 8:10-cv-2568-T-33AEP

SANCHUK, LLC, a Florida
corporation, and CHUCK ELLIOTT,
a Florida citizen,

    Defendants.
_____/

SANCHUK, LLC, a Florida
corporation, and CHUCK ELLIOTT,
a Florida citizen,

    Counter-Claimants,

v.

GREAT AMERICAN ASSURANCE
COMPANY, a foreign corporation,
and WELLINGTON F. ROEMER
INSURANCE AGENCY, INC., a
foreign corporation,

    Counter-Defendants.
_____/

### **ORDER**

This matter comes before the Court pursuant to Defendant Great American Assurance Company's Motion to Strike and Renewed Motion to Dismiss Sanchuk's Counterclaim (Doc. # 32), filed on July 19, 2011. Counter-claimants Sanchuk, LLC and Chuck Elliott filed a response in opposition (Doc. # 33) on

July 25, 2011, and Great American filed a Reply (Doc. # 38) on August 22, 2011. For the reasons that follow, the Court grants Great American's Motion in part and denies it in part.

Also before the Court is Counter-defendant Wellington F. Roemer Insurance Agency's Motion to Dismiss Amended Counterclaim (Doc. # 24), filed on July 5, 2011. Sanchuk and Elliott filed a response in opposition to that motion (Doc. # 30) on July 15, 2011. For the reasons that follow, the Court grants Roemer's Motion.

I. **Background and Procedural History**

This suit arises from a trucking accident that occurred on August 17, 2010. (Doc. # 1 at ¶ 9). Elliott, the operator of the truck, was injured in the accident and sought uninsured motorist (UM) coverage under a policy issued by Great American to Sanchuk. (Id. at ¶ 11). Great American asserts that there is no coverage under the policy because of a Trucking or Business Use exclusion. (Id. at ¶¶ 16-18). Great American filed a one-count complaint on November 16, 2010, seeking a declaratory judgment that it is not obligated to provide Elliott with UM coverage. (Id. at ¶ 14).

Sanchuk and Elliott filed a Counterclaim (Doc. # 9) on April 18, 2011. They assert that Elliott told Kim Kastel, an employee of Roemer, that Elliott operated the truck

exclusively for business purposes. (Id. at ¶ 10). Nevertheless, Kastel advised Elliott to purchase UM coverage on the vehicle. (Id. at ¶ 10). Based upon that advice, Elliott purchased the coverage, which was not only worthless to him but kept him from seeking other UM coverage. (Id. at ¶ 13). The Counterclaim asserts four counts against Great American: reformation of the policy (Count I), promissory estoppel (Count II), oral contract (Count III) and UM benefits (Count IV). The Counterclaim also asserts negligent failure to procure insurance coverage against Roemer (Count V). Sanchuk and Elliott moved to join Roemer in this action on April 18, 2011 (Doc. # 10), and the court granted that motion on May 12, 2011 (Doc. # 15).

Great American filed a motion to dismiss the Counterclaim on May 23, 2011. (Doc. # 16). Pursuant to Local Rule 3.01(b), Sanchuk and Elliott's response to the motion was due on June 6, 2011. On June 7, 2011, Great American advised the Court that Sanchuk and Elliott had not timely responded to the motion (Doc. # 18). This Court entered an Order granting that motion to dismiss (Doc. # 20) on June 13, 2011.

Sanchuk and Elliott filed an Amended Counterclaim (Doc. # 22) on June 23, 2011, asserting the same five claims as in the original Counterclaim and adding a claim for attorneys'

fees against Great American (Count VI). Before this Court are Roemer's Motion to Dismiss the Amended Counterclaim (Doc. # 24)[1] and Great American's Motion to Strike and Renewed Motion to Dismiss (Doc. # 32).

## II. Legal Standard

A motion to strike is governed by Federal Rule of Civil Procedure 12(f), which provides that upon motion by a party or upon the court's initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, a motion to strike is a drastic remedy disfavored by the courts. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Generally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

---

[1] Roemer filed a motion to dismiss the original Counterclaim (Doc. # 21) on June 13, 2011, and Sanchuk and Elliott filed a response in opposition (Doc. # 23) on June 23, 2011. The Court denied that motion as moot on August 30, 2011 (Doc. # 41).

A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. Whitney Info. Network, Inc. v. Gagnon, 353 F. Supp. 2d 1208, 1212 (M.D. Fla. 2005). On a motion to dismiss, this Court accepts as true all the allegations in the counterclaim and construes them in the light most favorable to the counter-claimant. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the counter-claimant with all reasonable inferences from the allegations in the counterclaim. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the counterclaim] and all reasonable inferences therefrom are taken as true.").

In Bell Atl. Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a [counterclaim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted). A plausible claim for relief must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

**III. Analysis**

In its Motion to Dismiss, Great American argues that Sanchuk and Elliott's Amended Counterclaim should be stricken because it was previously dismissed with prejudice by this Court. (Doc. # 32 at 4). Great American further asserts that the Amended Counterclaim should be dismissed based upon the doctrines of *res judicata* and collateral estoppel, and because Sanchuk and Elliott failed to seek leave of court before re-filing. (Id. at 5, 7). In addition, Great American reasserts the arguments set forth in its prior motion to dismiss the original Counterclaim.[2]

---

[2] Great American's Motion also asserts, in a footnote, that the "counterclaim creates confusion by improperly incorporating prior factual allegations into each successive count." (Doc. # 32 at 2 n.2). Such a counterclaim may be dismissed as a shotgun pleading. Whitney Info. Networks, 353 F. Supp. 2d at 1211. However, the Court is not inclined to dismiss the Amended Counterclaim on this basis. A shotgun pleading is one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). Given the nature of the claims and the limited set of facts at issue, the Court finds the Counterclaim to be sufficiently clear.

Roemer argues in its Motion to Dismiss that Sanchuk and Elliott are barred from asserting a claim against Roemer while simultaneously asserting a claim against Great American. (Doc. # 24 at ¶ 6).

A. **Motion to Strike**

This Court dismissed Counts I-IV of Sanchuk and Elliott's original Counterclaim because they failed to timely respond to Great American's motion to dismiss. (Doc. # 20). Great American presumes that the dismissal was pursuant to Federal Rule of Civil Procedure 41(b) and asserts that, absent any statement to the contrary, the dismissal operates as an adjudication upon the merits, as provided by that rule.

Rule 41(b) authorizes a district court, "on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). However, Great American did not move this Court for dismissal pursuant to Rule 41(b), and this Court's Order makes no reference to its inherent power to dismiss under that rule.

Instead, Great American advised the Court that Sanchuk and Elliott did not timely respond to the motion (Doc. # 18) citing Local Rule 3.01(b), which sets a fourteen-day time limit for responses to motions. The Court's Order cites Local

Rule 3.01(b), not Rule 41(b), and notes only that failure to respond to a motion creates an assumption that the motion is unopposed. Freshwater v. Shiver, No. 6:05-cv-758-ORL-19DAB, 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005).[3]

A district court may dismiss a case when a party, represented by counsel, fails to respond to a motion to dismiss. Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998). At the same time, "there is a strong policy of determining cases on their merits" in the Eleventh Circuit. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). The Court hesitates to dismiss a case with prejudice based upon a technicality, particularly when there has been no pattern of delay. The Court clarifies that its Order dismissed the original Counterclaim without prejudice, and therefore denies the Motion to Strike.

---

[3] Had the Court dismissed the case pursuant to Rule 41(b), it would have been without prejudice. "[A] dismissal with prejudice is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Dinardo v. Palm Beach County Cir. Ct. Judge, 199 F. App'x 731, 735 (11th Cir. 2006) (internal quotations and citations omitted) (emphasis in original); Goforth, 766 F.2d at 1535 (dismissal with prejudice is considered a "sanction of last resort"). The extreme circumstances necessary for dismissal with prejudice under Rule 41(b) are not present in this case.

B.  <u>**Res Judicata and Collateral Estoppel**</u>

Based upon the foregoing analysis, the Court finds that its Order dismissed the original Counterclaim without prejudice, and did not operate as an adjudication on the merits. The Court therefore denies Great American's Motion to Dismiss based upon the doctrines of *res judicata* and collateral estoppel.

C.  <u>**Failure to Seek Leave to File Amended Counterclaim**</u>

Sanchuk and Elliott filed their Amended Counterclaim without seeking leave of Court after the Court had dismissed the original Counterclaim. The Eleventh Circuit has held that a "plaintiff does not have a right to amend as a matter of course after dismissal of the complaint." <u>Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO</u>, 724 F.2d 1552 (11th Cir. 1984). However, "dismissal itself does not automatically terminate the action unless the court holds either that no amendment is possible or that the dismissal of the complaint also constitutes dismissal of the action." <u>Id.</u> The Court's Order dismissing the original Counterclaim did not so hold.

Furthermore, a court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15. The Eleventh

Circuit has cautioned that "[a] district court's discretion to dismiss a complaint without leave to amend is severely restricted . . . . Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (internal quotations and citations omitted).

The Supreme Court has enumerated the following factors that a district judge may use to deny leave to amend: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). The Court finds these factors absent in this case. In the interests of justice, and at this stage of the proceedings, the Court denies Great American's Motion to Dismiss on the basis of Sanchuk and Elliot's failure to seek leave to amend.

### C. Failure to State a Claim

The remainder of Great American's Motion seeks dismissal of Counts I through IV of the Amended Complaint as a matter of law.

### 1. **Agency Relationship**

Great American argues that Counts I through III of the Amended Counterclaim fail to sufficiently allege an agency relationship between Great American and Roemer. Under Florida law, the elements of an actual agency relationship are: "(1) acknowledgment by the principal that the agent will act for him, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent." Goldschmidt v. Holman, 571 So.2d 422, 424 n.5 (Fla. 1990). Great American asserts that Sanchuk and Elliott fail to allege any of these elements or establish the existence of an agency relationship with any degree of specificity. (Doc. # 32 at 9).

Sanchuk and Elliott note that the Amended Counterclaim adds allegations that Roemer employee Kim Kastel provided an application for insurance on Great American letterhead listing Roemer as the "agent" for Great American. (Doc. # 22 at ¶ 5). She provided no additional applications for any other insurance company, and the insurance certificate issued to Sanchuk lists her as the authorized agent of Great American. (Id. at ¶ 6). Sanchuk and Elliott assert that Kastel, on behalf of Roemer, acted with apparent authority as an agent for Great American, and Sanchuk and Elliott reasonably believed that she was Great American's agent. (Id. at ¶¶ 7-8).

-11-

Section 626.342(2) of the Florida Statutes states in pertinent part:

> Any insurer . . . who furnishes . . . supplies . . . to any agent or prospective agent not licensed to represent the insurer and who accepts from or writes any insurance business for such agent or agency shall be subject to civil liability to any insured of such insurer to the same extent and in the same manner as if the agent or prospective agent had been appointed, licensed or authorized by the insurer ro such agent to act in its or his behalf.

Such "supplies" include "blank forms, applications, stationery and other supplies to be used in soliciting, negotiating, or effecting contracts of insurance." Fla. Stat. § 626.342(1).

The Florida Supreme Court has held that Section 626.342(2) "makes the insurer liable to the insured in the same way that it would be liable had it expressly appointed the broker as its agent." Almerico v. RLI Ins. Co., 716 So.2d 774, 781 (Fla. 1998). Moreover, "unless the insured is specifically put on notice to the contrary . . . the insurance company is bound under section 626.342(2) by the actions of its statutory agent." Id. at 782.

Accepting the allegations in the Amended Counterclaim as true, the Court finds that Sanchuk and Elliott have adequately alleged an agency relationship under to Fla. Stat. § 626.342(2) and Almerico. The Court therefore denies the Motion

to Dismiss on the basis of failure to allege an agency relationship between Great American and Roemer.

### 2. **Parol Evidence Rule**

Great American argues that the parol evidence rule bars Count III for breach of oral contract. Great American asserts that any alleged oral agreement between Elliott and Kastel cannot be enforced given that a written contract of insurance was issued. (Doc. # 32 at 10).

Under Florida law, "evidence of a prior or contemporaneous oral agreement is inadmissible to vary or contradict the unambiguous language of a valid contract. This rule applies when the parties intend that a written contract incorporate their final and complete agreement." Johnson Enters. of Jacksonville v. FPL Group, 162 F.3d 1290, 1309 (11th Cir. 1998). This rule is substantive, so it is applied by federal courts sitting in diversity. Id. at 1309 n.47.

"Florida courts recognize an 'inducement' exception to the parol evidence rule whereby parol evidence is admissible to establish a contemporaneous oral agreement which induced the execution of a written contract, though it may vary, change, or reform the instrument." Id. at 1309-10 (internal quotations and citations omitted). In other words, parol evidence may be admitted to determine the true consideration

of an agreement, which is different from but not inconsistent with the consideration expressed in a written contract. See McComb v. Hygeia Coca-Cola Bottling Works, 137 Fla. 260, 267-68 (Fla. 1939); Mallard v. Ewing, 121 Fla. 654, 663 (Fla. 1936). However, "the inducement exception does not apply where the alleged oral agreement relates to the identical subject matter embodied in the written agreement and directly contradicts an express provision of the written agreement." Ungerleider v. Gordon, 214 F.3d 1279, 1282 (11th Cir. 2000) (internal quotations and citations omitted).

The Amended Counterclaim asserts that Sanchuk and Elliott had an oral agreement with Kastel for a policy providing UM coverage during business use of the vehicle. (Doc. # 22 at ¶ 29). This alleged oral agreement directly relates to and contradicts the terms of the written contract of insurance, which excludes UM coverage during business use. Thus, the inducement exception to the parol evidence rule does not apply. The Court therefore finds that Sanchuk and Elliott cannot sustain their claim for oral contract. Great American's Motion to Dismiss is granted as to Count III of the Amended Counterclaim.

### 3. <u>Promissory Estoppel</u>

Great American argues that Count II of the Amended Counterclaim must be dismissed because estoppel cannot be used to create insurance coverage that never existed. (Doc. # 32 at 12). "The general rule is that estoppel may not be invoked to enlarge or extend the coverage specific in an insurance contract." <u>Solar Time Ltd. v. XL Specialty Ins. Co.</u>, 142 F. App'x 430, 433-34 (11th Cir. 2005) (internal quotations and citations omitted). However, the Florida Supreme Court has held that "the form of equitable estoppel known as promissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice." <u>Crown Life Ins. Co. v. McBride</u>, 517 So.2d 660, 662 (Fla. 1987). "Such injustice may be found where the promisor reasonably should have expected that his affirmative representations would induce the promisee into action or forbearance substantial in nature, and where the promisee shows that such reliance thereon was to his detriment." <u>Id.</u>

Great American argues that, despite the promissory estoppel label, Count II simply invokes estoppel to enlarge or extend coverage. (Doc. # 32 at 15). However, Sanchuk and Elliott assert that Kastel represented that UM coverage would apply during business use of the vehicle. (Doc. # 22 at ¶ 17).

-15-

As a result, Elliott purchased a policy that was worthless to him, and refrained from obtaining other UM coverage that would cover him for losses during business use of the vehicle. (Id. at ¶ 18-19). Based upon the foregoing analysis, and at this stage of the proceedings, the Court finds Sanchuk and Elliott have sufficiently alleged a claim for promissory estoppel. The Court therefore denies Great American's Motion as to Count II.

### 4. Contract Reformation

Great American asserts that Sanchuk and Elliott cannot sustain a claim for contract reformation because they have not established that Roemer was Great American's agent. As stated above, this Court finds that such an agency relationship has been sufficiently alleged. Great American further argues that the Amended Complaint fails to state a claim for reformation due to unilateral mistake, which must show that the mistake was coupled with inequitable conduct.

"To state a cause of action for reformation of a contract, the complaint must allege that, as a result of a mutual mistake or a unilateral mistake by one party coupled with the inequitable conduct of the other party, the insurance contract fails to express the agreement of the parties." Romo v. Amedex Ins. Co., 930 So.2d 643, 649 (Fla. 3d DCA 2006). Such a claim must ultimately be proven "by evidence sufficient

to overcome a presumption arising from the policy that it correctly expressed the intention of the parties." Samet v. Prudential Ins. Co. of Am., 294 So. 2d 35, 36 (Fla. 3d DCA 1974).

The Court finds that Sanchuk and Elliott have pled allegations of mutual mistake or unilateral mistake and inequitable conduct sufficient to withstand a motion to dismiss. See Romo, 930 So.2d at 650. The Court therefore denies Great American's Motion as to Count I.

### 5. UM Benefits

Count IV of the Amended Complaint, for UM benefits, alleges that Elliott sustained injuries as a result of the accident that occurred on August 17, 2010. (Doc. # 22 at ¶ 35). Great American argues that UM benefits are excluded by the plain language of the policy. (Doc. # 32 at 17). Sanchuk and Elliott state that UM benefits are the relief sought under the theories asserted in the other claims. To that extent, the Court declines to dismiss Count IV.

### D. Roemer's Motion to Dismiss

Count V of the Amended Complaint alleges negligent failure to procure insurance coverage against Roemer. Roemer argues that this cause of action has not accrued and is thus premature. (Doc. # 24 at 4).

In Blumberg v. USAA Casualty Insurance Co., the court found that a negligence cause of action against an insurance agent accrues at the conclusion of a related or underlying proceeding. 790 So.2d 1061, 1065 (Fla. 2001).

> If a negligence . . . action is filed prior to [that] time . . . the defense can move for an abatement or stay of the claim. The moving party will have the burden of demonstrating that the related or underlying judicial proceeding will determine whether damages were incurred which are causally related to the alleged negligence . . . .

Id. However, when premature filing of an action cannot be cured by the passing of time – that is, when the claim is dependent upon the outcome of a separate action – dismissal without prejudice is preferred. Shuck v. Bank of Am., 862 So.2d 20, 24-25 (Fla. 2d DCA 2003).

Courts within the Eleventh Circuit have largely followed the reasoning of Blumberg and Shuck. See e.g. Sperling v. Banner Life Ins. Co., No. 10-22289-CIV, 2010 WL 4063743 (S.D. Fla. Oct. 14, 2010) (finding that an action against an insurance agent for negligence accrues "when the insurance company prevails in the underlying action"); Looney v. Protective Life Ins. Co., No. 8:07-cv-1020-T-17TBM, 2007 WL 2669190 (M.D. Fla. Sept. 6, 2007) (holding that a plaintiff cannot make a claim for an agent's negligence while simultaneously claiming policy coverage); Landmark Am. Ins.

Co. v. Moulton Props., No. 3:05cv401/LAC, 2006 WL 2038554 (N.D. Fla. July 19, 2006) (dismissing third-party complaint against insurance broker). An exception is the Southern District of Florida in Great Lakes Reinsurance (UK) PLC v. Roca, No. 07-23322-CIV, 2009 WL 200257 (S.D. Fla. 2009).

Sanchuk and Elliott rely heavily on Roca and attempt to distinguish the large body of cases supporting Blumberg. However, the Roca court devotes just one paragraph to the question of the ripeness of claims against the insurance brokers with no analysis of Blumberg. The Court finds the large body of case law supportive of Blumberg more persuasive. The Court therefore grants Roemer's Motion to Dismiss. Per Shuck, Count V of the Amended Complaint is dismissed without prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Great American Assurance Company's Motion to Strike and Renewed Motion to Dismiss Sanchuk's Counterclaim (Doc. # 32) is granted in part and denied in part.

(2) Count III of the Amended Counterclaim is dismissed with prejudice. Great American's Motion is otherwise denied.

(3) Counter-defendant Wellington F. Roemer Insurance Agency, Inc.'s Motion to Dismiss Amended Counterclaim (Doc. # 24)

is granted. Count V of the Amended Counterclaim is dismissed without prejudice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>23rd</u> day of January, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record