UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREAT AMERICAN ASSURANCE COMPANY, a foreign corporation,

Plaintiff

v. Case No. 8:10-cv-2568-T-33AEP

SANCHUK, LLC, a Florida corporation, and CHUCK ELLIOTT, a Florida citizen,

Defendants.
_______________________________/

SANCHUK, LLC, a Florida corporation, and CHUCK ELLIOTT, a Florida citizen,

Counter-Claimants,

v.

GREAT AMERICAN ASSURANCE COMPANY, a foreign corporation, and WELLINGTON F. ROEMER INSURANCE AGENCY, INC., a foreign corporation,

Counter-Defendants.

_______________________________/

**ORDER**

Before this Court is Sanchuk, LLC and Chuck Elliott's Motion to Strike Great American Assurance Company's Affirmative Defenses (Doc. # 77), filed on March 28, 2012. Counter-defendant Great American Assurance Company filed a response in opposition (Doc. # 89) on April 16, 2012. For the

reasons that follow, the Court grants the Motion in part and denies it in part.

## I. **Background and Procedural History**

This matter arises out of Great American's Complaint for declaratory judgment, filed on November 16, 2010. (Doc. # 1). Sanchuk and Elliott filed a Counterclaim (Doc. # 9) on April 18, 2011, asserting four counts against Great American: reformation of the policy (Count I), promissory estoppel (Count II), oral contract (Count III) and uninsured motorist benefits (Count IV). The Counterclaim also asserted negligent failure to procure insurance coverage against Wellington F. Roemer Insurance Agency, Inc. (Count V).

Sanchuk and Elliott filed an Amended Counterclaim (Doc. # 22) on June 23, 2011, reasserting the five claims in the original Counterclaim and adding a claim for attorneys' fees against Great American (Count VI). Roemer filed a Motion to Dismiss the Amended Counterclaim (Doc. # 24) on July 5, 2011, and Great American filed a Motion to Strike and Renewed Motion to Dismiss (Doc. # 32) on July 17, 2011. On January 23, 2012, this Court granted Roemer's Motion to Dismiss and granted Great American's Motion to Dismiss as to Count III of the Amended Counterclaim. (Doc. # 61). Great American's Motion was otherwise denied.

As a result, Great American was due to file a responsive pleading as to the four surviving counts of the Amended Counterclaim by February 6, 2012, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A). Great American filed its Answer and Affirmative Defenses (Doc. # 75) on March 20, 2012.[1] Sanchuk and Elliott move to strike Great American's Answer and Affirmative Defenses as untimely and insufficient as a matter of law. (Doc. # 77).

## II. Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon motion by a party or upon the court's initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). When considering a motion to strike, a court must accept all well-pled facts as true and not consider matters beyond the pleadings. Carlson Corp./Se. v. Sch. Bd. of Seminole Co., Fla., 778 F. Supp. 518, 519 (M.D. Fla. 1991).

A motion to strike is a drastic remedy disfavored by the courts. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Generally, "a court will not exercise its discretion under the rule to strike a

[1] The pleading was incorrectly docketed as a Reply.

pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

**III. Analysis**

Sanchuk and Elliott seek to strike Affirmative Defenses 1, 2, 5, 6, 7 and 8. (Doc. # 77). They note that, at the time the Motion was filed, discovery was due to be completed in two days.[2] "To now allow the filing of these affirmative defenses, which . . . offer no clear concise statement of the defense, are clearly prejudicial to SANCHUK in what little time remains to prepare for trial." (Id. at 3-4).

Great American points out that this Court has previously rejected a plaintiff's motion to strike an untimely filed answer under similar circumstances. See Supermedia, LLC v. W.S. Marketing, Inc., No. 8:11-cv-296-T-33TBM, 2011 WL 6318023 (M.D. Fla. Dec. 16, 2011). However, Sanchuk and Elliott assert that, notwithstanding the untimely filing, the Affirmative Defenses fail to "give fair notice of the asserted defense so the opposing party may respond, undertake discovery and prepare for trial." Blanc v. Safetouch, Inc., No. 3:07-cv-

[2] The discovery deadline has since been extended to May 31, 2012. (Doc. # 86).

1200-J-25TEM, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008) (citation omitted).

"An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(quoting Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). An affirmative defense "is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher, 881 F. Supp. at 576 (citation omitted).

**A. Affirmative Defenses 1 and 2**

Sanchuk and Elliott assert that the First Affirmative Defense states, in essence, that the Amended Counterclaim fails to state a claim for which relief may be granted. (Doc. # 77 at 4). Similarly, the Second Affirmative Defense states that Sanchuk and Elliott have "failed to state a claim for attorney's fees." (Id.). Sanchuk and Elliott argue that Great

American is attempting to renew its motion to dismiss, which has already been ruled upon by this Court. (Id.).

This Court agrees that the First and Second Affirmative Defenses are inadequate as a matter of law. Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8(a).[3] Microsoft, 211 F.R.D. at 684. "While an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations." Id. (internal quotations and citation omitted). Affirmative Defenses 1 and 2 are conclusory allegations that fail to meet the minimum pleading requirements of Rule 8(a). Furthermore, Great American states that it will agree to withdraw those Affirmative Defenses. (Doc. # 89 at 4). The Court therefore grants the Motion to Strike as to Affirmative Defenses 1 and 2.

**B. Affirmative Defenses 5, 6, 7 and 8**

Great American's Fifth and Sixth Affirmative Defenses state that the express terms of the insurance policy at issue

[3] Sanchuk and Elliott argue that affirmative defenses must meet the heightened pleading standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). However, this Court has held that the heightened pleading standards do not apply to affirmative defenses. Jirau v. Camden Dev., Inc., No. 8:11-cv-73-T-33MAP, 2011 WL 2981818, at *3 (M.D. Fla. July 22, 2011). Jackson v. City of Centreville, 269 F.R.D. 661, 663 (N.D. Ala. 2010) and Floyd v. Suntrust Banks, Inc., 2011 WL 2441744, at *7 (N.D. Ga. June 13, 2011) provide instructive analyses of this issue.

in this case control, and that Sanchuk and Elliott's failure to read the policy precludes their claims for reformation, promissory estoppel and uninsured motorist coverage. (Doc. # 75 at 4). Great American's Seventh and Eighth Affirmative Defenses state that Sanchuk was required to purchase non-trucking liability insurance under the terms of its lease agreement with motor carriers, and that the terms, conditions, exclusions and endorsements of the policy determine Great American's rights and obligations. (Id.). Sanchuk and Elliott argue that these affirmative defenses are invalid and do not give fair notice of the defenses. (Doc. # 77 at 4-5).

The Court disagrees that these Affirmative Defenses are invalid as a matter of law. Great American's position as to the terms of the policy and whether Sanchuk and Elliott failed to read the policy are certainly relevant to this dispute. Furthermore, as Great American points out, Sanchuk's obligation to purchase non-trucking liability insurance is relevant to Sanchuk and Elliot's claim for contract reformation. (Doc. # 89 at 6). Finally, as to Affirmative Defense 8, it is proper to plead policy exclusions as an affirmative defense. Fla. Farm Bureau Gen. Ins. Co. v. Ins. Co. of N. Am., 763 So. 2d 429, 432 (Fla. 5th DCA 2000).

The Court further finds that Affirmative Defenses 5, 6, 7 and 8 provide adequate notice of Great American's defenses. Where they are merely statements of law, they still "serve the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims." Inlet Harbor Receivers, Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co., 6:08-cv-346-Orl-19DAB, 2008 WL 3200691, at *1 (M.D. Fla. Aug. 6, 2008). Insofar as they simply state facts in dispute, they sufficiently apprise Sanchuk and Elliott of what Great American will argue, "which is all the Eleventh Circuit requires." Jackson, 269 F.R.D. at 663.

Sanchuk and Elliott also suggest that Great American's Affirmative Defenses should be stricken because they are actually denials. (Doc. # 77 at 7). However, when a defendant "labels a specific denial as a defense . . . the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial." FDIC v. Bristol Home Mortgage Lending, LLC, No. 08-81536-CIV, 2009 WL 2488302, at *3 (S.D. Fla. Aug. 13, 2009). Thus, insofar as these may not be valid affirmative defenses, they will be construed as denials and will not be stricken.

Sanchuk and Elliott offer little in the way of argument that these Affirmative Defenses may be prejudicial. In light of the foregoing analysis and the extension of the discovery deadline in this matter, the Court denies the Motion to Strike as to Affirmative Defenses 5, 6, 7 and 8.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Sanchuk, LLC and Chuck Elliott's Motion to Strike Great American Assurance Company's Affirmative Defenses (Doc. # 77) is **GRANTED** as to Great American's First and Second Affirmative Defenses and otherwise **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of May, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record