```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
GREAT AMERICAN
ASSURANCE COMPANY,

          Plaintiff,
v.                                 Case No. 8:10-cv-2568-T-33AEP

SANCHUK, LLC, and
CHUCK ELLIOTT,

          Defendants.
_____/
```

**ORDER**

This matter is before the Court pursuant to Defendants Sanchuk, LLC, and Chuck Elliott's Motion in Limine Regarding Plaintiff's Exhibits One through Four and Testimony of George Elliott (Doc. # 130), which was filed on August 17, 2012. Plaintiff Great American Assurance Company filed a Response in Opposition (Doc. # 137) on August 29, 2012. For the reasons that follow, the Court denies the Motion.

**I. Background**

Defendants object on the basis of untimely disclosure to the use of certain documents relating to George Elliott's insurance policies and the testimony of George Elliott in Plaintiff's case in chief. Because Plaintiff failed to list George Elliott in both its initial Rule 26 Disclosures and its Amended Rule 26 Disclosure, Defendants argue that Plaintiff should be barred from presenting this evidence at trial.

Additionally, Defendants argue that this matter concerns only Charles ("Chuck") Elliott, and thus that any insurance Charles's brother George had with Great American is irrelevant to this action.

In response, Plaintiff asserts that it had no duty to disclose George Elliott because Defendants had already disclosed him and because Charles Elliott had already testified about George Elliott. Thus, since Rule 26(e)(1)(A) states that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," Plaintiff argues that Defendants cannot insist on excluding a witness whose relevance Defendants were already aware of. FED. R. CIV. P. 26(e)(1)(A).

Plaintiff next argues that the documents relating to George Elliott's insurance coverage are relevant because George obtained his policy before Charles and, "according to Charles Elliott['s] [deposition testimony], both brothers intentionally obtained '$1 million policies' because they wanted to comply with 'the requirements of Sherwin Williams.'" (Doc. # 137 at 8). George Elliott's coverage is thus relevant

2

in that Charles Elliott seems to have anticipated that his coverage would be the same as his brother's. In response to Defendants' argument that the use of the documents would be prejudicial, Plaintiff stresses that "none of these exhibits are intended for use as primary evidence. Only if George Elliott denies the truth during direct examination will these exhibits then be introduced as rebuttal evidence to establish the truth." (Id. at 10).

Specifically responding to Defendants' argument that Plaintiff failed to disclose the documents in response to Defendants' January 2012 discovery request, Plaintiff states that "Great American served its response [to that request] before Charles Elliott testified," and that, consequently, Plaintiff "did not know George Elliott is Charles Elliott's brother, works for Sherwin Williams, had discussed Sherwin Williams' requirements with Charles Elliott and that George Elliott had obtained his $1 million non-trucking policy because he desired to comply with Sherwin Williams requirements." (Id. at 11).

**II. Discussion**

"[D]ecisions regarding the testimony of improperly disclosed witnesses [fall] within the broad discretion of the trial judge." Fla. Marine Enters. v. Bailey, 632 So. 2d 649,

3

651 (Fla. 4th DCA 1994). Specifically aiding in the interpretation of Rule 26(e), the Advisory Committee Notes explain that there is "'no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition.'" Watts v. Hospitality Ventures, LLC, No. 2:06-cv-1149-MEF, 2008 U.S. Dist. LEXIS 5632, at *3 (M.D. Ala. Jan. 25, 2008) (quoting Fed. R. Civ. P. 26(e) advisory committee's note). This interpretation favors Plaintiff's argument that it was under no duty to disclose George Elliott after Charles Elliott identified George in his deposition.

Additionally, given that Defendants were put on notice of George Elliott's insurance policy at the time of Charles Elliott's deposition, the fact that Plaintiff did not provide the relevant documents (which verify the existence of the policy) until August 1, 2012, is not highly prejudicial to Defendants. The prejudicial impact of this evidence, if any, is outweighed by its probative value, as the documents and testimony of George Elliott regarding George's policy assist the trier of fact in understanding what policy Charles Elliott sought and thought he had acquired. The Court therefore

4

denies Defendants' Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendants' Motion in Limine Regarding Plaintiff's Exhibits One through Four and Testimony of George Elliott (Doc. # 130) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>5th</u> day of September, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record

5