```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```
GREAT AMERICAN
ASSURANCE COMPANY,

              Plaintiff,

v.                                  Case No. 8:10-cv-2568-T-33AEP

SANCHUK, LLC, and
CHUCK ELLIOTT,

              Defendants.
_____/

## ORDER

This matter is before the Court pursuant to Plaintiff Great American Assurance Company's Motion in Limine to Exclude Evidence Regarding Statements Made Following the Accident (Doc. # 131), which was filed on August 17, 2012. Defendants Sanchuk, LLC, and Chuck Elliott filed a Response in Opposition (Doc. # 135) on August 28, 2012. For the reasons that follow, the Court denies the Motion.

## Discussion

Plaintiff moves to exclude all evidence by Charles ("Chuck") Elliott regarding statements allegedly made during a conversation with Great American following the 2010 accident. When Charles Elliott reported the collision claim to Great American, an adjuster allegedly stated to him that "everything was alright," that Charles Elliott was covered, and that a settlement could be reached with Great American.

(Doc. # 131 at 2).

There appears to be conflicting testimony regarding whether Charles Elliott's brother, George Elliott, also contacted a representative at Great American after the accident who explained to George Elliott that coverage existed. Plaintiff claims that Charles Elliott testified that his brother never spoke to an adjuster——although Defendants insist that this comment referred only to one particular adjuster——and that Sandra Rodholm contradicted Charles Elliott by testifying that George Elliott did contact an adjuster after the accident.

Plaintiff argues that "statements made by an adjuster in 2010 following the accident are irrelevant to whether in 2009 the defendants reasonably and detrimentally relied on Kim Kastel's statements." (Doc. # 131 at 3). Defendants argue that George Elliott's testimony "on the specifics of what he was asked to do on behalf of his brother during his brother's incapacity is relevant to the issue of his brother Charles' state of mind as to what coverage Charles Elliott thought he had and why George called Great American on his behalf." (Doc. # 135 at 3).

Because Plaintiff has not adequately demonstrated that this evidence fails to meet the liberal standard for admission

2

of relevant evidence in FED. R. EVID. 401, the Court denies Plaintiff's Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion in Limine to Exclude Evidence Regarding Statements Made Following the Accident (Doc. # 131) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of September, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record

3