UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREAT AMERICAN ASSURANCE
COMPANY, a foreign corporation,

       Plaintiff,

v.                                    Case No. 8:10-cv-2568-T-33AEP

SANCHUK, LLC, a Florida
corporation, and CHUCK ELLIOTT,
a Florida citizen,

       Defendants.
_____/


SANCHUK, LLC, a Florida
corporation, and CHUCK ELLIOTT,
a Florida citizen,

       Counter-Plaintiffs,

v.

GREAT AMERICAN ASSURANCE
COMPANY, a foreign corporation,
and WELLINGTON F. ROEMER
INSURANCE AGENCY, INC., a
foreign corporation,

       Counter-Defendants.

_____/

**ORDER**

This cause comes before the Court pursuant to Defendants'
Motion to Alter or Amend the Judgment or Alternatively, Motion
for New Trial (Doc. # 158), filed on November 27, 2012.
Plaintiff Great American Assurance Company filed its Response

in Opposition (Doc. # 159) on December 13, 2012. As discussed
more fully below, the Court denies the Motion.

**I.    Background**

    Great American issued to Sanchuk, LLC a Non-Trucking
Liability Policy with an endorsement providing $1 million in
uninsured motorist (UM) coverage. This matter involves the
applicability of the Policy's Trucking or Business Use
Exclusion to a trucking accident that occurred on August 17,
2010. Chuck Elliott, who was operating Sanchuk's 2006 Volvo
tractor "under load," for business purposes, was injured in
the accident and sought UM coverage under the Policy. Great
American denied coverage based upon the Trucking or Business
Use exclusion.

    This matter came before this Court for a non-jury trial
on September 10-11, 2012. (Doc. ## 142-143). On October 26,
2012, the Court entered its Findings of Fact and Conclusions
of Law and held that declaratory judgment should be rendered
in favor of Great American and against Sanchuk and Elliott.
(Doc. # 158). The Court further held that judgment should be
rendered in favor of Great American and against Sanchuk and
Elliott as to the Amended Counterclaim. (Id.).

    Sanchuk and Elliott now seek to amend or alter this
Court's judgment or, in the alternative, request a new trial

-2-

to address the issues raised in their Motion. Great American contends that Sanchuk and Elliott have not met the high standard for such relief.

## II.  Legal Standard

Sanchuk and Elliott's Motion will be decided under Rule 59(e) of the Federal Rules of Civil Procedure. <u>Ludwig v. Liberty Mut. Fire Ins. Co.</u>, No. 8:03-cv-2378-T-17-MAP, 2005 WL 1053691, at *2 (M.D. Fla. Mar. 30, 2005). A Rule 59(e) motion to alter or amend judgment is an extraordinary request seeking a drastic remedy; once issues have been carefully considered and determined, the power to reconsider "must of necessity be used sparingly." <u>Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.</u>, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). It is therefore within a trial court's sound discretion to grant a motion for reconsideration, balancing arguments in favor of reconsideration against the desire to achieve finality in litigation. <u>Lussier v. Dugger</u>, 904 F.2d 661, 667 (11th Cir. 1990).

"The courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct error or prevent manifest injustice." <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A Rule 59(e) motion may not be used to "relitigate

-3-

old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." <u>Michael Linet, Inc. v. Village of Wellington, Fla.</u>, 408 F.3d 757, 763 (11th Cir. 2005).

Rule 59(a)(2) governs Sanchuk and Elliot's alternative motion for a new trial: "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). However, "[a] motion for new trial in a non-jury case should be based upon manifest error of law or mistake of fact, and judgment should not be set aside except for substantial reasons." <u>Hannover Ins. Co. v. Dolly Trans Freight, Inc.</u>, No. 6:05-cv-576-Orl-19DAB, 2007 WL 170788, at *2 (M.D. Fla. Jan. 18, 2007). A district court's decision to deny a new trial is reviewed for abuse of discretion. <u>Overseas Private Inv. Corp. v. Metro. Dade County</u>, 47 F.3d 1111, 1113 (11th Cir. 1995).

## III. **Analysis**

Sanchuk and Elliott contend that this Court should amend its findings of fact and conclusions of law as to the issue of UM coverage. Specifically, they argue that this Court did not accurately apply the principle that exclusionary clauses in an

-4-

insurance policy are construed more strictly against the insurer and in favor of coverage.

Sanchuk and Elliott do not contest the Court's finding that the Non-Trucking Liability Policy in this case expressly excludes coverage "while the covered auto is being used in the business of a lessee or while the covered auto is being used to transport cargo of any type" (Part II, C. Exclusions, 13, Joint Ex. 2, at 15) and unambiguously states that UM coverage is not included (Part III, Id. at 16). Instead, Sanchuk and Elliott reassert their argument that the separately purchased UM endorsement does not explicitly refer to a "Non-Trucking Liability Policy" – the exact title of the Policy sold to Sanchuk – although it refers to policies of that type.

Because the UM endorsement does not expressly exclude trucking or business use, the Defendants have argued that the Policy's Trucking or Business Use Exclusion does not apply to the UM endorsement. It is against this theory that Sanchuk and Elliott ask the Court to apply the principle of strict construction in favor of coverage. They note that, to the extent that an endorsement is inconsistent with the body of an insurance policy, the endorsement controls. Stewart Petroleum Co. v. Certain Underwriters at Lloyd's London, 696 So. 2d 376, 379 (Fla. 1st DCA 1997).

Herein lies the rub in the Defendants' argument. Sanchuk and Elliott claim that the UM endorsement does not refer to the Policy issued by Great American. By asking this Court to find that the endorsement is inconsistent with the Policy, however, Sanchuk and Elliott must perforce concede that the two documents are related. They admit that, "[h]ad the endorsement stated that it also was an addendum to the Non-Trucking Liability and Physical Damage form, Sanchuk's argument would not be persuasive." (Doc. # 158 at 3).

If the Endorsement does not reference the Policy, what does it refer to? There is no other insurance policy at issue in this matter. Sanchuk and Elliott appear to be restating their argument that the UM endorsement can stand on its own as separate coverage – an argument this Court has rejected. (Doc. # 153 at 18). The Court applied the proper principles in construing the endorsement against the Trucking or Business Use Exclusion of the Policy and found no inconsistency.[1] (Id. at 17). The Court sees no basis for altering or amending judgment on this ground.

Next, the Defendants ask this Court to amend the judgment to reflect that Sanchuk and Great American agreed to 24-hour

---

[1] The UM endorsement states that "[w]ith respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement." (Joint Ex. 2 at 33).

coverage for Sanchuk but the Policy did not provide for such coverage. They assert that they told agent Kim Kastel that Elliott never drove the truck unless he was under load, and that Kastel never refuted this testimony. Thus, they contend, they are entitled to reformation of the Policy.

The equitable relief of policy reformation rests on a mutual and common mistake by the parties to the agreement. Universal Underwriters Ins. Co. v. Abe's Wrecker Serv., Inc., 564 F. Supp. 2d 1350, 1356 (M.D. Fla. 2008). It requires a showing "that the parties agreed on one thing and when they put it in the contract they said something different." Blumberg v. Am. Fire & Cas. Co., 51 So. 2d 182, 184 (Fla. 1951).

Sanchuk and Elliott seek reformation "based upon the premise that there was a mistake by one party (Sanchuk) coupled with the inequitable conduct of Kastel in failing to properly inquire as [to] the use of the vehicle. Such inequitable conduct equates to knowledge of the mistake by the other party (Kastel), creating a mutual mistake." (Doc. # 158 at 4). Once again, the crux of Sanchuk and Elliott's argument is that Kastel owed them a duty to either provide the coverage contracted for or notify them that such coverage was unavailable. (Id.). For support, they again cite Johnson v.

-7-

United Investor's Insurance Co., 263 N.W. 2d 770 (Iowa 1978). The Court has already examined that case and rejected Sanchuk and Elliott's argument but will undertake a brief discussion.

First, the agent in Johnson was a sales agent of the insurer; thus, the insurer was "bound by the knowledge and representations" of the agent who obtained the insurance application. Id. at 773. In this case, the Court found that Kastel, an employee of Wellington F. Roemer Insurance Agency, was acting as an agent of the Defendants and not as the agent of Great American. Sanchuk and Elliott do not challenge this conclusion. Although they contend that Kastel knew the truck was driven only under load, any such knowledge is not imputed to Great American.

Second, Johnson does not support the theory that Kastel had an affirmative duty to inquire as to Elliott's use of the truck, or that breach of any such duty, in and of itself, warrants policy reformation. In Johnson, the insured had specifically requested the coverage at issue, and even completed a questionnaire expressing his willingness to pay a higher premium to obtain it. Id. at 775. The court found that the agent had a duty to obtain the specifically requested coverage or to inform the insured that it could not be obtained. Id. at 776. The agent further admitted that he had

never before dealt with the type of coverage requested by the insured, and believed that the policy would cover the insured as requested. Id. at 775. In light of these circumstances, the Johnson court found that the plaintiff was entitled to policy reformation.[2]

Under Florida law, an agent must "obtain coverage which is specifically requested or clearly warranted by the insured's expressed needs." Warehouse Foods, Inc. v. Corporate Risk Mgmt. Servs., Inc., 530 So. 2d 422, 423 (Fla. 1st DCA 1988). Sanchuk and Elliott do not claim that Elliott specifically requested UM coverage while operating the truck under load. Nor does the evidence adduced at trial support their contention that Kastel knew Elliott wanted such coverage and failed to procure it. Kastel, unlike the agent in Johnson, had experience with the type of policy issued to Sanchuk, and testified credibly that drivers such as Elliott frequently purchase non-trucking policies because their motor carrier

---

[2] Iowa appears to have a lower evidentiary standard than Florida. The Johnson court stated that, in the insurance context, a claim for reformation must be proven "by a preponderance of clear, satisfactory and convincing evidence" and that "less proof is required than in contract cases generally." Id. at 774. In Florida, "the evidence must be clear and convincing sufficient to overcome a strong presumption arising from the policy that it correctly expresses the intention of the parties." Niagara Fire Ins. Co. v. Allied Elec. Co., 319 So. 2d 594, 595 (Fla. 3d DCA 1975).

requires it. Thus, the Court found that Sanchuk and Elliott did not prove by clear and convincing evidence that a mutual mistake warrants policy reformation.

Sanchuk and Elliott offer no new evidence or legal theory that would alter this Court's reasoning. The Court therefore denies their Motion as to this ground.

As to the alternative motion for a new trial, Defendants merely state that "should the Court find in its discretion that a new Trial is required to address the issues raised herein, the Defendants pray for said relief." They offer no error of law or fact that would warrant such relief. The Court denies the alternative motion as well.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Alter or Amend the Judgment or Alternatively, Motion for New Trial (Doc. # 158) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of December, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record